**Clifford PATE and Raymond L. Pate, Appellants,**

v.

**The CITY OF BETHANY, Oklahoma, a municipal corporation, Appellee.**

No. 56889.

Court of Appeals of Oklahoma, Division No. 4.

June 28, 1983.

Rehearing Denied Aug. 2, 1983.

As Amended on Denial of Certiorari Nov. 8, 1983.

Released for Publication by Order of the Court of Appeals Dec. 5, 1983.

---

Fred Vaughan, Jr., Bethany, for appellants.

David Davis, Davis & Collinsworth, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

This is an action by two urban landowners to enjoin the city from enforcing a down zoning use classification of their property. The trial court denied plaintiffs' relief and they appeal.

I

Clifford and Raymond Pate own a piece of land at 6600 NW 23rd Street in Bethany, Oklahoma. It is a large corner lot with 313 feet of frontage on heavily traveled NW 23rd Street and 150 feet of frontage on Peniel Street.

The Pates opened a full service gas station on the east part of the tract in 1961. At that time the property was zoned for general commercial use.

In 1965 the City of Bethany changed the use classification of plaintiffs' lot from General Commercial to C–1 Neighborhood Commercial—a classification that did not adversely affect plaintiffs' full use of the lot for service station purposes.

Then in 1973 Bethany enacted a comprehensive redistricting and rezoning ordinance, which, without giving plaintiffs actual notice by mail or any other means, down zoned their property to a C–N Commercial Neighborhood use classification—a classification that does not permit use of the property for an automobile service station.

Plaintiffs discovered this in the spring of 1980 when they contracted to sell their property to a buyer who planned to build a new self-service gas station facility. The first thing they did upon receiving this information was apply to the city planning commission for Commercial General (C–G) zoning of their lot. The planning commis-

sion, after hearing the facts, unanimously recommended granting the application. The city council, however, declined to follow the recommendation forcing plaintiffs to seek relief in court. They consequently filed this action to enjoin enforcement of the C–N Neighborhood Commercial zoning ordinance with reference to their property.

After a hearing the trial judge denied plaintiffs the requested relief and they appeal.

The basis for the city commission's refusal to rezone subject property is not clear. A planning commission staff report, dated September 29, 1977, made this observation:

"Since January 1975, the City Council has rezoned five tracts along N.W. 23rd Street east of Rockwell to C–G Commercial General.

"These changes acknowledged the existing pattern of commercial development in this neighborhood. The subject property [6621 N.W. 23rd Street] is one of the few remaining tracts along N.W. 23rd Street east of Rockwell which has not been zoned for general commercial use. The proposed change would not have an adverse impact on any immediate surrounding use."

The subject of that report—6621 NW 23rd—is property located directly across 23rd Street to the north of the Pate tract. The planning commission recommended up zoning 6621 from R–1 to C–G. The city council by a unanimous vote on November 15, 1977, followed the recommendation.

With regard to the Pate parcel the planning commission studied the application, held a hearing and voted unanimously to recommend the C–G zoning. However, on June 17, 1980, the city council, consisting of the same mayor and the same eight councilmen, except for three, voted to reject the Pate application.

The main difference between the action on the 6621 request and the one in question is that no area resident appeared in opposition to the 6621 application and several did with regard to the Pate request. It began when a couple of area residents appeared at the planning commission hearing. One said she lived on NW 23rd about a block east of the Pate tract, and the other lived south of subject land on the east side of Peniel Avenue. The first woman objected to the C–G zoning because she said there were already service stations on two sides of her and she did not want another one at the Pate site—ignoring the fact evidently that there had been one there for years. The other woman said she did not want the proposed new service station because of the traffic flow it would have.

Apparently after the two women failed to persuade the planning commission to agree with them, they went out and obtained the signatures of over 250 people who said they lived "in the general area of 6600 NW 23rd Street ..." and, without giving a reason, signed a sheet of paper that recited simply that the signers "do hereby protest and oppose the proposed rezoning of ... 6600 NW 23rd Street from 'CN' ... to 'CG' ...."

Evidently the council confused the right to be heard with an assumed right of the party who shouts the loudest to prevail. Zoning fights particularly lend themselves to becoming gang fights where often the one who procures the most signatures prevails. Given the fact that a city council is a legislative body and should be responsive to the will of the people, when it comes to such matters as zoning, the councilmen have a duty to legislate for a purpose that transcends the particular interests of individuals or groups and aims at promoting the general welfare of the public at large. To refuse to rezone merely because a large number of people are against it is as condemnable as granting rezoning merely because no one appears to be protesting it. In other words the law is meant to protect the protestant's right to be heard, not pit the political might of the many against a politically weak landowner, but to afford protestants a chance to explain how they think their interests are affected, how the public at large is affected and to bring to the attention of the legislative body any rele-

vant fact or circumstance that may have been overlooked.

We do not see anything "fairly debatable" about the Pates' request. No rational reason appears anywhere in the record justifying the ending of C–G zoning along the west line of the Pates' parcel. Nor does any legitimate reason appear that justifies the council following the recommendation of its planning commission with regard to land across the street from the Pate tract and declining to follow the same commission's recommendation as to the latter tract.

We hold the council's rejection of the Pates' application for General Commercial zoning was arbitrary.

The judgment appealed is therefore reversed and the city is enjoined from enforcing any zoning requirement on the Pates' property other than General Commercial.

De MIER and STUBBLEFIELD, JJ., concur.